

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,358-01

### EX PARTE ERIC RAMOS , Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 4858 IN THE 84TH DISTRICT COURT
### FROM OCHILTREE COUNTY

*Per curiam*. ALCALA, J., filed a concurring opinion.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in organized criminal activity and sentenced to twenty years' imprisonment. He did not appeal his conviction.

Applicant contends that his plea was involuntary because counsel coerced Applicant into pleading guilty so that Applicant's family and girlfriend would not receive a prison sentence. Applicant also contends that his plea was involuntary because counsel advised Applicant incorrectly

as to his parole eligibility. *Ex parte Moussazadeh*, 361 S.W.3d 684, 691–92 (Tex. Crim. App. 2012); TEX. GOV'T. CODE § 508.145. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel and involuntary plea. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court shall make specific findings as to whether counsel told Applicant that his conviction was "not aggravated," despite a conviction for an offense that is not eligible for parole until time served equals one-half the sentence. If the court finds counsel erred, it shall make specific findings as to whether there is a reasonable probability that, but for counsel's errors, Applicant would have insisted on a trial. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order. Any extensions of time must

be requested by the trial court and shall be obtained from this Court.

Filed: October 5, 2016
Do not publish